UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SHALPORT, INC. d/b/a CHEVRON #36316,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:24-cv-00354-O |
| **AMGUARD INSURANCE COMPANY,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss and Brief in Support, (ECF No. 4), filed May 20, 2024; Plaintiff's Response (ECF No. 7), filed June 11, 2024; and Defendant's Reply (ECF No. 8), filed June 17, 2024. After reviewing the briefing, relevant law, and applicable facts, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss is **GRANTED** in regard to Count 1 – Bad Faith; Count 3 – Deceptive Insurance Practice; and Count 4 – Late Payment of Claims. Defendant's Motion is **DENIED** in regard to Count 2 – Breach of Contract.

## I.   BACKGROUND[1]

Shalport, Inc. ("Plaintiff") is the business owner of a Chevron gas station and convenience store (the "property"), which includes a car wash on its premises. Plaintiff owns commercial property insurance, which was issued by AmGUARD Insurance Company ("Defendant"). On or

---

[1] All undisputed facts are drawn from Plaintiff's Complaint, unless otherwise specified. *See* Pl.'s Compl., ECF No. 1. At the Rule 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to the Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). Some facts recited herein are drawn from matters of public record of which judicial notice may be properly taken, such as the underlying contract. FED. R. EVID. 201.

1

around December 1, 2021, the car wash on the property sustained severe damage. The damage to the carwash rendered it inoperative. Plaintiff submitted a claim for coverage to AmGUARD. AmGUARD acknowledged the claim and assigned it to a third-party administrator, Raphael & Associates. On April 20, 2022, Raphael & Associates sent Plaintiff a letter stating that no coverage existed under the policy and as such, no payment would be issued for the claim.

Plaintiff retained G.T.O. Car Wash to inspect the car wash and determine the monetary cost of restoring it to its pre-damaged condition. On January 7, 2024, based on G.T.O. Car Wash's assessment that the cost to repair and replace the damage was $337,551.65, Plaintiff again asked AmGUARD to cover the cost of repairs pursuant to the policy.

AmGUARD failed to adjust the claim to reflect the amount assessed by G.T.O. Car Wash and again denied coverage of the claim. The carwash remains inoperative. The Plaintiff filed its complaint before this Court on April 21, 2024, and effectuated service six days later on April 27, 2024. Plaintiff requests actual damages, prejudgment and post judgment interest, consequential damages, court costs, and attorney's fees.

## II.   LEGAL STANDARDS

### A.  Failure to State a Claim

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

A court ruling on a Rule 12(b)(6) motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

**B.  Choice of Law and the Statute of Limitations**

In diversity cases, the law of the state where the complaint is filed controls whether the statute of limitations is tolled. *Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996); *West v. Conrail*, 481 U.S. 35, 39 n.4 (1987); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–51 (1980). Under Texas law, the tolling of the statute of limitations may occur after filing suit prior to serving a defendant only if a plaintiff exercises continuous diligence to serve the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). That means, so long as the lawsuit is filed within the limitations period, a plaintiff can still serve the defendants after expiration of that period if it continues to exercise due diligence in doing so, causing the date of service to relate back to the date of filing. *Id*. While the issue of a plaintiff's diligence generally is a question of fact, the issue may be decided as a matter of law when a plaintiff's explanation demonstrates "one or more lapses

between service efforts [that] are unexplained or patently unreasonable." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Thus, a plaintiff has the burden to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id*.

### III.   ANALYSIS

#### A.  Statute of Limitations as to Each Claim

Defendant argues that all of Plaintiff's claims are time-barred,[2] while Plaintiff argues that the date of service should relate back to the date of filing, April 21, 2024.[3] To this end, Plaintiff argues that the statute of limitations for all claims should run until April 21, 2024, not April 20, 2024, because the parties contracted to two years and one day from when the action accrued.[4] The Court agrees with Defendant as to Counts 1, 3, and 4, but agrees with Plaintiff as to Count 2.

#### 1.  April 20, 2024 is the Applicable End of the Statute of Limitations Period as to Counts 1, 3, and 4.

Texas law sets a two-year statute of limitation for insurance claims, breach of good faith and fair dealing claims, and claims arising under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). TEX. INS. CODE § 541.162 (two years for insurance claims); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (two years for claims asserting a breach of good faith and fair dealing); TEX. BUS. & COM. CODE § 17.565 (two years for claims arising under the DTPA). The Plaintiff "is not in dispute with Defendant" on the issue of when the claim *accrued*, April 20, 2022.[5] The two-year statute of limitations thus ran on April 20, 2022, and ended two years later at

---

[2] Def.'s Mot. Diss. 1, ECF No. 4.
[3] Pl.'s Resp. 2, ECF No. 7.
[4] *Id.*
[5] Pl.'s Resp. to Def.'s Mot. Diss. 4, ECF No. 7.

the end of the day on April 20, 2024. The Plaintiff did not file its claims until April 21, 2024.[6] The Court rejects any assertion that the contracted statute of limitations applies to Counts 1, 3, and 4.[7] Therefore, the Court concludes Counts 1, 3, and 4 are time-barred because Plaintiff did not file the complaint within the applicable statute of limitations.

### 2. April 21, 2024 is the Applicable End of the Statute of Limitations Period as to Count 2.

Texas law sets a four-year statute of limitations for a Breach of Contract claim but allows the parties to agree to a different limitations period as part of the underlying contract. TEX. CIV. PRAC. & REM. CODE § 16.070. The parties contracted to two years and one day for legal claims arising under the contract.[8] Again, Plaintiff conceded "that its claim under the policy accrued on April 20, 2022."[9] This means that the agreed upon statute of limitations ran on April 20, 2022, and ended two years and one day after action accrued, which was the end of the day on April 21, 2024. The Plaintiff filed its claims on April 21, 2024, but did not effectuate service until six days later on April 27, 2024.[10] Therefore, the Plaintiff submitted the complaint in time but did not effectuate service within the contracted period. The Court must now evaluate whether the Plaintiff exercised due diligence in serving the Defendants after the limitations period expired to toll its expiration. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

### 3. Plaintiff Did Not Demonstrate a Lack of Diligence as a Matter of Law.

The docket reflects that Defendant was served after the expiration of the contracted limitations period on April 21, 2024.[11] Plaintiff sent the complaint via certified mail three days

---

[6] Pl.'s Compl. 1, ECF No. 1.
[7] Pl.'s Resp. to Def.'s Mot. Diss. 4, ECF No. 7.
[8] Def.'s Mot. Diss. 6, ECF No. 4.
[9] Pl.'s Resp. to Def.'s Mot. Diss. 2, ECF No. 7.
[10] *Id.* at 3.
[11] Pl.'s Compl. 1, ECF No. 1.

after the end of the limitations period on April 25, 2024, and service was effected on the morning of April 27, 2024.[12] The Defendant properly showed that service was not timely, shifting the burden to Plaintiff to prove due diligence. *Ashley*, 293 S.W.3d at 179. "Diligence is determined by asking whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served" and may be decided as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* (internal citations omitted).

Here, Plaintiff sent service via certified mail less than three days after the issuance of the summons.[13] The Defendant's registered agent received this service less than two days after its mailing.[14] Plaintiff explained in its response that there were no "lapses between service efforts," that it had sent service "promptly," and that "[it] was diligent in its service efforts."[15] Defendant cited three cases involving delays in service between eight months,[16] nine months[17], and thirty-eight months[18] to support its argument that Plaintiff failed to show diligence in effectuating service.[19]

However, the cases cited contain facts that differ drastically from the present case. Here, Plaintiff sent service within three days and effectuated service within six days. Plaintiff's three-day delay in service is not unexplained or a patently unreasonable lapse between service efforts. And the Texas Supreme Court has explained that a "nineteen-day period from the lawsuit's filing to the first process server's receipt of citation" was not evidence of non-diligence as a matter of

---

[12] Pl.'s Resp. to Def.'s Mot. Diss. 3, ECF No. 7.
[13] Pl.'s Resp. to Def.'s Mot. Diss. 3, ECF No. 7.
[14] *Id.*
[15] *Id.*
[16] *Ashley v. Hawkins*, 293 S.W.3d 175 (Tex. 2009).
[17] *Proulx v. Wells*, 235 S.W.3d 213 (Tex. 2007).
[18] *Gant v. DeLeon*, 786 S.W.2d 259 (Tex. 1990).
[19] Def.'s Mot. Diss. 7, ECF No. 4.

law. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). Lastly, Plaintiff offered a plain description of the actions taken to mail the summons, thereby fulfilling the requirement to explain the supposed lapse.[20] *Ashley*, 293 S.W.3d at 179 ("[Plaintiff] has the burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay"). Therefore, the Court concludes that Plaintiff's Breach of Contract claim is not barred by the statute of limitations because the Plaintiff exercised due diligence in serving the defendant after the limitations period expired.

### B. Failure to Plead with Specificity: Damages

Defendant next argues that Plaintiff "does not provide any dollar figures for any of the elements of damages."[21] Specifically, Defendant asserts that Plaintiff "fails to take into account the various policy limits applicable to each building, the deductible, and prior payments."[22]

Under the fair-notice pleading standard, a plaintiff must plead sufficient facts to give the defendant fair and adequate notice of the damages sought. FED. R. CIV. PRO. 8(a). Plaintiff pled it suffered actual damages, including the denial of the cost to repair the property's car wash,[23] business income loss attributed to the nonoperational car wash,[24] and policy proceeds,[25] among other damages.

Therefore, Plaintiff's complaint contained "a demand for the relief sought" when it claimed that a loss of actual damages and insurance policy proceeds resulted from Defendant's violations.[26] Plaintiff's allegations regarding damages are sufficient to avoid dismissal at this stage.

---

[20] *Id.* at 3.
[21] Def.'s Mot. Diss. 8, ECF No. 4.
[22] *Id.*
[23] Pl.'s Compl. 3, ECF No. 1 (Plaintiff alleges damages of at least $337,551.65, as determined by bid from a third-party maintenance company).
[24] *Id.*
[25] *Id.* at 7.
[26] FED. R. CIV. P. 8(a)(3).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in Part** and **DENIES in Part** Defendant's Motion to Dismiss (ECF No. 4). Counts 1, 3, and 4 are **DISMISSED with prejudice**.

**SO ORDERED** this **18th day** of **September, 2024**.

*/s/ Reed O'Connor*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**